UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-22003-CIV-UU

WALTER EDUARDO PEREZ and all others )
similarly situated under 29 U.S.C. 216(b),  )
                                            )
                  Plaintiffs,               )
       vs.                                  )
                                            )
BRANDS MART U.S.A., INC.,                   )
RYDER SYSTEM, INC.,                         )
SHARPE DELIVERY SERVICE, INC.,              )
CLAUDE GLEGG.,                              )
                                            )
                  Defendants.               )
_____ )

**SECOND AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS IN COMPLIANCE WITH THE COURT'S ORDER [DE8] *NUNC PRO TUNC*[1]**

Plaintiff, WALTER EDUARDO PEREZ, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Second Amended Complaint against Defendants, BRANDS MART U.S.A., INC., RYDER SYSTEM, INC., SHARPE DELIVERY SERVICE, INC., and CLAUDE GLEGG, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant BRANDS MART U.S.A. INC., is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer of the Plaintiff for Plaintiff's respective period of employment ("the

___
[1] This Second Amended Complaint is filed in accordance with the Court's Order and Referral in Actions Brought Under the Fair Labor Standards Act [DE8] *nunc pro tunc.*

relevant time period").

4. The Defendant RYDER SYSTEM, INC., is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer of the Plaintiff for the relevant time period.

5. The Defendant SHARPE DELIVERY SERVICE, INC., is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer of the Plaintiff for the relevant time period.

6. The individual Defendant CLAUDE GLEGG is a corporate officer and/or owner and/or manager of the Defendant Corporation SHARPE DELIVERY SERVICE, INC., who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

7. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

8. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

10. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

11. Plaintiff worked for Defendants as a delivery helper from on or about the year 2013 through on or about May 12, 2018. All deliveries by Plaintiff, during the relevant time period, were done exclusively for BRANDS MART U.S.A INC., and its customers.

12. Defendants' business activities involve those to which the Fair Labor Standards Act applies. All Defendants' businesses and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Under information and belief, the truck the Plaintiff drove, the tools the Plaintiff used and the furniture delivered by Plaintiff were all supplied by the Defendants, used by the Plaintiff on a regular and recurrent basis, and all originated from outside the state of Florida. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

13. Additionally, Each Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or

used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, the Defendant Corporations had gross sales or business done in excess of $500,000 annually for the years 2015, 2016, and 2017.

15. Upon information and belief, the Defendant Corporations' gross sales or business done is expected to exceed $125,000 for the first three months of the year 2018 and is expected to exceed $500,000 for the year 2018.

16. Upon information and belief, Defendants, BRANDS MART U.S.A., INC., RYDER SYSTEM, INC., and SHARPE DELIVERY SERVICE, INC., are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control, are being done for a common business purpose. Said Defendants act in tandem and for purposes of the issue of gross annual income regarding FLSA enterprise coverage, Plaintiff intends to stack income as appropriate pursuant to the applicable law.

17. Upon information and belief, Defendants, BRANDS MART U.S.A., INC., RYDER SYSTEM, INC., SHARPE DELIVERY SERVICE, INC., were each Plaintiff's joint employer during Plaintiff's employment with the Defendant Companies as the work performed by Plaintiff simultaneously benefited all Defendant Companies who were responsible for controlling, directly and/or indirectly, Plaintiff's hours, determining Plaintiff's pay and which were operated by the same company officers for a common business purpose.

18. Individual Defendant CLAUDE GLEGG was Plaintiff's individual employer for the time period alleged herein, pursuant to 29 U.S.C. §203(d) as set forth above.

19. Between the period of on or about May 18, 2015 through on or about May 12, 2018, Plaintiff worked an average of 90 hours a week for Defendants. Defendants paid Plaintiff an average of $120.00 per day. Dividing Plaintiff's weekly pay by his average hours per week, Plaintiff was paid an average of $8.00 per hour. However, Plaintiff was not paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

20. Plaintiff's statement of claim is as follows:

    **Half-Time Overtime Claim (5/18/15-5/12/18):**
    Amount of Half-Time Overtime per hour not compensated: $4.00
    Weeks: 156 (rounded up)
    Overtime hours per week: 50
    Total overtime wages unpaid and liquidated damages: $31,200 X 2 = $62,400.00, *exclusive of* **attorneys' fees and costs**

21. Plaintiff seeks all fees and costs under the FLSA. The above calculations do not account for fees and costs under the FLSA sought by Plaintiff. Plaintiff reserves the right to seek time-and-one-half damages for any completely unpaid overtime hours should the facts adduced in discovery justify same.

22. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from each

Defendant, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                                                Respectfully Submitted,

                                                J.H. Zidell, Esq.
                                                J.H. Zidell, P.A.
                                                Attorney For Plaintiff
                                                300 71st Street, Suite 605
                                                Miami Beach, Florida 33141
                                                Tel: (305) 865-6766
                                                Fax: (305) 865-7167
                                                Email: ZABOGADO@AOL.COM

                                                By:__/s/ J.H. Zidell_____
                                                      J.H. Zidell, Esq.
                                              Florida Bar Number: 0010121