**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 18-22003-CIV-UU**

| | |
|---|---|
| WALTER EDUARDO PEREZ and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| BRANDS MART U.S.A., INC., RYDER SYSTEM, INC, SHARPE DELIVERY SERVICE, INC., CLAUDE GLEGG., | ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT RYDER SYSTEM, INC.'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant Ryder System, Inc., (hereinafter "Ryder" or "Defendant") by and through its undersigned counsel, hereby submits its Answer, Defenses, and Affirmative Defenses to Plaintiff's Second Amended Complaint (D.E. 30) ("Complaint"), responding, by corresponding paragraph numbers, to each of the numbered paragraphs of the Complaint filed by Plaintiff Walter Eduardo Perez ("Plaintiff") as set forth below. Ryder further avers that Plaintiff's seriatim allegation that he was "employed by" or "worked for" Ryder constitutes a legal conclusion to which no response is required. To the extent a response is required, Ryder denies the allegation. Without repeating it in each instance, Ryder intends for this position to apply in each instance in which Plaintiff alleges that he was employed by or worked for Ryder.[1]

---

[1] Plaintiff was never employed by Defendant Ryder and Ryder will be moving the Court to dismiss, to enter judgment on the pleadings, and/or for summary judgment on the grounds that it is an improper defendant in this action. As such, Ryder only hereby answers the Complaint to avoid any argument that is has defaulted and does not waive, and specifically reserves, its right to dismiss the Complaint against it on the grounds that, *inter alia*, it has been improperly named as a defendant.

1

Furthermore, Ryder avers that Plaintiff's seriatim allegation against "Defendants" is insufficient insofar as he repeatedly fails to sufficiently plead factual allegations specific as to Ryder. To the extent a response is required, Ryder denies the allegations. Without repeating it in each instance, Ryder intends for this position to apply in each instance in which Plaintiff makes allegations against "Defendants" without facts that would support a finding that Ryder is a proper Defendant in this action.

1. Ryder avers that the allegations set forth in Paragraph 1 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Ryder denies the allegations set forth in Paragraph 1 of the Complaint.

2. Ryder avers that it lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations set forth in Paragraph 2 of the Complaint.

3. Ryder avers that it lacks sufficient knowledge or information to form a belief as to the truth of certain of the allegations set in Paragraph 3 of the Complaint, and avers that the remaining allegations constitute conclusions of law to which no response is required.

4. Ryder admits that it transacts business within Miami-Dade County. Ryder avers that the remaining allegations set forth in Paragraph 4 of the Complaint constitute conclusions of law to which no response is required.

5. Ryder avers that it lacks sufficient knowledge or information to form a belief as to the truth of certain of the allegations set forth in Paragraph 5 of the Complaint, and avers that the remaining allegations constitute conclusions of law to which no response is required.

6. Ryder avers that it lacks sufficient knowledge or information to form a belief as to the truth of certain of the allegations set forth in Paragraph 6 of the Complaint, and avers that the remaining allegations constitute conclusions of law to which no response is required.

7.      Ryder avers that it lacks sufficient knowledge or information to form a belief as to the truth of certain of the allegations set forth in Paragraph 7 of the Complaint, and avers that the remaining allegations constitute conclusions of law to which no response is required.

**COUNT I**
**FEDERAL OVERTIME WAGE VIOLATION**

8.      Ryder avers that the allegations in Paragraph 8 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Ryder admits that Plaintiff purports to bring this case as a collective action under 29 U.S.C. 216(b), but denies that Plaintiff was employed by Ryder or that he is similarly situated to other individuals or that this case can proceed as a collective.  Ryder denies any remaining allegations set forth in Paragraph 8 of the Complaint.

9.      Ryder avers that the allegations set forth in Paragraph 9 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Ryder admits that Plaintiff purports to invoke subject matter jurisdiction in the United States District Court for the Southern District of Florida and denies any remaining allegations set forth in Paragraph 9 of the Complaint.

10.     Ryder admits that Plaintiff has quoted 29 U.S.C. § 207(a)(1) in Paragraph 10 of the Complaint, and avers that any remaining allegations in Paragraph 10 of the Complaint constitute conclusions of law to which no response is required.

11.     Ryder avers that it lacks sufficient knowledge or information to form a belief as to the truth of certain of the allegations set forth in Paragraph 11 of the Complaint, denies that it ever employed Plaintiff, and denies any remaining allegations set forth in Paragraph 11 of the Complaint.

12. Ryder avers that it lacks sufficient knowledge or information to form a belief as to the truth of certain of the allegations set forth in Paragraph 12 of the Complaint, avers that certain other allegations set forth in Paragraph 12 of the Complaint constitute conclusions of law to which no response is required, and denies the remaining allegations set forth in Paragraph 12 of the Complaint.

13. Ryder admits that it has employed two or more employees, avers that it lacks sufficient knowledge or information to form a belief as to the truth of certain of the allegations set forth in Paragraph 13 of the Complaint, avers that certain other allegations set forth in Paragraph 13 of the Complaint constitute conclusions of law to which no response is required, and denies the remaining allegations set forth in Paragraph 13 of the Complaint.

14. Ryder admits that it had gross sales in excess of $500,000 annually in 2015, 2016, and 2017. Ryder avers that it lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 of the Complaint.

15. Ryder admits that its gross sales are expected to have exceeded $125,000 for the first three months of the year 2018. Ryder avers that it lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 15 of the Complaint.

16. Ryder avers that the allegations set forth in Paragraph 16 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Ryder denies the allegations set forth in Paragraph 16 of the Complaint.

17. Ryder avers that the allegations set forth in Paragraph 17 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Ryder denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Ryder avers that certain of the allegations set forth in Paragraph 18 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Ryder avers that it lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 of the Complaint.

19.     Ryder avers that it lacks sufficient knowledge or information to form a belief as to the truth of certain of the allegations set forth in Paragraph 19 of the Complaint, denies that it ever employed Plaintiff, and denies any remaining allegations set forth in Paragraph 19 of the Complaint.

20.     Ryder admits that the allegations set forth in Paragraph 20 of the Complaint contain Plaintiff's statement of claim but denies the allegations set forth in Paragraph 20 of the Complaint, denies that it ever employed Plaintiff, and denies that Plaintiff is entitled to any relief of any kind whatsoever from Ryder.

21.     Ryder admits that Plaintiff purports to seek fees and costs, however Ryder denies that it ever employed Plaintiff, denies that Plaintiff is entitled to fees and costs or any relief of any kind whatsoever from Ryder, and denies any remaining allegations set forth in Paragraph 21 of the Complaint.

22.     Ryder avers that it lacks sufficient knowledge or information to form a belief as to the truth of certain of the allegations set forth in Paragraph 22 of the Complaint, denies that it ever employed Plaintiff, and denies any remaining allegations set forth in Paragraph 22 of the Complaint.

Ryder denies that Plaintiff or those he may seek to represent are entitled to any relief of any kind whatsoever, including any of the relief sought in the paragraph following Paragraph 22 of the Complaint.  Ryder admits that Plaintiff requests a trial by jury.

## **GENERAL DENIAL**

Ryder denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted herein.

## **AFFIRMATIVE AND OTHER DEFENSES**

Ryder asserts the following defenses without conceding that Ryder bears the burden of proof as to any of the following defenses. Ryder reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

1. Plaintiff fails, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff's claims, and those of the members of the putative collective class he purports to represent, are barred because those individuals are not "employees" within the meaning of the Fair Labor Standards Act ("FLSA").

3. If Ryder is found to have failed to pay Plaintiff or any putative member of a collective class whom he may purport to represent any wages owed, which Ryder expressly denies, Ryder nevertheless acted at all times on the basis of a good faith and reasonable belief that it had complied fully with all applicable laws and had no actual or constructive notice of any violation. The actions taken or omitted by Ryder were also in good faith conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor.

4. Plaintiff's claims, and those of any member of a putative collective class whom he may purport to represent, are barred in whole or in part by applicable statutes of limitations.

5.      Plaintiff's claims, and those of any member of a putative collective class whom he may purport to represent, are barred in whole or in part by the equitable doctrines of unclean hands, unjust enrichment, laches, offset and/or set off and/or estoppel.

6.      Plaintiff's claims, and those of any member of a putative collective class whom he may purport to represent, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Ryder.

7.      Plaintiff's claims, and those of any member of a putative collective class whom he may purport to represent, are barred in whole or in part because the Complaint is uncertain in that there is no definition of the purported class/collective.

8.      If this Court were to certify this action as a collective action, any award of liquidated, multiple, or punitive damages would deny Ryder the due process of law.

9.      To the extent Plaintiff and any member of a putative collective class whom he may purport to represent suffered injury, which Ryder expressly denies, subject to proof through discovery, any such injury is the result of acts or omissions of such individuals and/or other parties, and not any act or omission of Ryder.

10.     Plaintiff's claims, and those of any member of a putative collective class whom he may purport to represent, are barred in whole or in part to the extent that these individuals have affirmatively released, waived, or abandoned all or some of the claims raised in the Complaint.

11.     Plaintiff is an inadequate and atypical representative of any collective class he may purport to represent and his interests are in conflict with those individuals.

12.     Plaintiff's claims to minimum wage payments, and those of any member of a putative collective class whom he may purport to represent, are barred, in whole or in part by the provisions of 29 U.S.C. §206(g) and 29 C.F.R. §786.300.

13. Plaintiff's claims, and those of any member of a putative collective class whom he may purport to represent, may not be litigated in court because some or all of Plaintiff's causes of action are subject to individual mandatory, final and binding arbitration.

14. Plaintiff's claims, and those of any member of a putative collective class whom he may purport to represent, are barred to the extent that these individuals are and/or were exempt from any entitlement to wages under the FLSA as non-employees and/or pursuant to applicable exemptions, including but not limited to, the learned professional, creative professional, executive, administrative, and computer professional exemptions.

15. In the event Plaintiff, or any member of a putative collective class whom he may purport to represent, is deemed an employee of Ryder (which Ryder denies), Plaintiff, and any member of a putative collective class whom he may purport to represent, is an exempt employee pursuant to the motor carrier exemption as defined by the FLSA and related regulations and rulings.

16. Plaintiff's claims, and those of any member of a putative collective class whom he may purport to represent, are barred to the extent they concern hours during which these individuals were engaged in activities that were preliminary or subsequent to their alleged work activities.

17. Plaintiff's claims, and those of any member of a putative collective class whom he may purport to represent, are barred in whole or in part to the extent Ryder lacked actual or constructive knowledge of the hours allegedly worked.

18. Plaintiff's claims for damages, and those of any member of a putative collective class whom he may purport to represent, must be offset in whole or in part by amounts already collected by Plaintiff and/or owing to and damages suffered by Ryder.

19. To the extent that Plaintiff is subject to internal and/or administrative remedies, his claims, and those of any member of a putative collective class whom he may purport to represent, are barred to the extent that he failed to exhaust these internal and/or administrative remedies.

20. If Ryder's alleged failure to pay requisite wages was unlawful, although such is not admitted, none of Ryder's acts or omissions constitute willful violations of the FLSA.

21. If Ryder's alleged failure to pay requisite wages was unlawful, although such is not admitted, neither Plaintiff nor any member of any putative collective class he may seek to represent can demonstrate facts sufficient to warrant an award of liquidated damages.

22. Plaintiff's claims, and those of any member of a putative collective class whom he may purport to represent, are barred in whole or in part by the doctrines of accord and satisfaction, and payment.

23. Plaintiff's claims, and those of any member of a putative collective class whom he may purport to represent, are barred in whole or in part by his knowing and voluntary agreement to and participation in the compensation agreements which he now claims are illegal.

24. An award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Ryder's due process and other rights under the United States Constitution.

25. Plaintiff's claims against Ryder, and those of any member of a putative collective class whom he may purport to represent, are barred because Plaintiff entered into an agreement with other defendant(s) and not with Ryder.

26. Plaintiff's claims against Ryder, and those of any member of a putative collective class whom he may purport to represent, are barred because at all times Plaintiff was properly classified as an independent contractor.

27. If Plaintiff, or any member of a putative collective class whom he may purport to represent, is deemed a non-exempt employee of Ryder (which Ryder denies), and to the extent Plaintiff, or any member of a putative collective class whom he may purport to represent, is entitled to overtime payments (which Ryder denies), some or all of Plaintiff's claims, and those of any member of a putative collective class whom he may purport to represent, may be subject to the *de minimis* rule, 29 C.F.R. § 785.47, because they involve insignificant amounts of overtime.

28. This action cannot be maintained as a collective action as Plaintiff fails to meet the requirements of 29 U.S.C. § 216(b) and applicable case law.

29. To the extent that Plaintiff and any member of a putative collective class whom he may purport to represent were paid compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid wages or other monetary relief.

30. Plaintiff has suffered no economic loss and/or failed to mitigate his alleged damages, entitlement to which is specifically denied.

31. If any improper or illegal act was taken by any of Ryder's employees against Plaintiff or any member of a putative collective class whom he may purport to represent, which is denied, it was outside the course and scope of that employee's employment, was contrary to Ryder's policies, and was not and never would have been authorized, ratified, confirmed, or approved by Ryder. Thus, any such actions cannot be attributed or imputed to Ryder.

32. Tolling of the statute of limitations is not warranted.

33. To the extent Plaintiff, or any member of a putative collective class whom he may purport to represent, has executed an agreement to arbitrate that encompass claims alleged in the Complaint, his claims, and those of any member of a putative collective class whom he may purport to represent, are subject to mandatory, final, and binding arbitration, and thus may not be litigated in court; this court, therefore, lacks jurisdiction over such claims.

34. Plaintiff's claims, and those of any member of a putative collective class whom he may purport to represent, are barred by settlement, waiver, and/or release.

Ryder reserves the right to assert additional defenses and affirmative defenses, and to amend its response as further facts are revealed through its investigation.

WHEREFORE, Ryder respectfully request that this Court dismiss Plaintiff's case with prejudice, enter judgment against Plaintiff, and award Ryder its reasonable attorneys' fees and costs for having to defend this case, and such other relief as the Court deems appropriate.

Respectfully submitted: July 3, 2018.

By: */s/ Anne Marie Estevez*
**Anne Marie Estevez**
   Florida Bar No. 991694
   annemarie.estevez@morganlewis.com
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339
Telephone: 305.415.3330
Facsimile: 877.432.9652

*Attorney for Defendant Ryder System, Inc.*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on July 3, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          */s/ Anne Marie Estevez*
                                          Anne Marie Estevez

### SERVICE LIST

**Neil Tobak, Esq.**
Fla. Bar No. 093940
ntobak.zidellpa@gmail.com
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Telephone: (305) 865-6766
Facsimile: (305) 865-7167

*Attorney for Plaintiffs*

**Adi Amit**
Lubell & Rosen, LLC
200 S. Andrews Avenue
Suite 900
Fort Lauderdale, FL 33301
954-880-9500
Fax: 954-755-2993
Email: adi@lubellrosen.com

*Attorney for Defendants Sharpe Delivery Service, Inc., and Claude Gregg*

**Hilda Piloto**
Florida Bar No. 0154120
SAUL EWING ARNSTEIN & LEHR LLP
200 South Biscayne Boulevard
Suite 3600
Miami, Florida 33131-2395
Phone: 305.428.4500
Fax: 305.808.8620
Primary Email: hilda.piloto@saul.com
Secondary Email: ana.sharp@saul.com

*Attorney for Defendant BrandsMart U.S.A., Inc.*