UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:18-cv-22003-UU

WALTER EDUARDO PEREZ, and all others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

BRANDS MART U.S.A., INC.,
RYDER SYSTEM, INC.,
SHARPE DELIVERY SERVICE, INC.,
CLAUDE GLEGG,

    Defendants.
_____/

**DEFENDANTS SHARPE DELIVERY SERVICE, INC. AND CLAUDE GLEGG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SEOND AMENDED COMPLAINT**

Defendants, SHARPE DELIVERY SERVICE, INC., and CLAUDE GLEGG, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint as follows:

1. Admitted that the Plaintiff alleges a cause of action under the Fair Labor Standards Act 29 U.S.C. §§201-216.

2. Defendants are without knowledge as to the truthfulness or accuracy of the allegation contained in this Paragraph, but presume it to be true, for jurisdiction and venue purposes only.

3. Defendants are unable to answer this allegation as it is against a co-defendant and not Defendants.

4.    Defendants are unable to answer this allegation as it is against a co-defendant and not Defendants.

5.    Admitted that Defendant employed Plaintiff and conducts business in the Southern District of Florida. All other allegations of this paragraph denied.

6.    Denied.

7.    Admitted for venue purposes only, denied that any acts or omissions took place that are actionable.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

**8.**    Admitted that the Complaint alleges violation of a United States statute. Admitted that the Complaint attempts to allege a cause of action for collective action under 29 U.S.C. §216(b). All other allegations or assertions in this paragraph are denied.

9.    Admitted that the Complaint alleges violation of a United States statute. Admitted that the Complaint attempts to allege a cause of action for collective action under 29 U.S.C. §216(b). All other allegations or assertions in this paragraph are denied.

10.    This Paragraph does not contain a factual allegation to which a response is required. The referenced statute speaks for itself.

11.    Denied as alleged.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18. Denied.

19. Denied.

20. Denied that this is an accurate calculation, and that any damages are owed.

21. Denied that Plaintiff can reserve the right to change the nature of his claim.

22. Denied.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

Plaintiff fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

### **Second Affirmative Defense**

Plaintiff's damages, if any, are limited by the relevant statute of limitations of two years.

### **Third Affirmative Defense**

Plaintiff's claims are barred to the extent that he did not work more than forty (40) hours in any workweek.

### **Fourth Affirmative Defense**

Plaintiff is not entitled to damages for hours not actually worked during any workweek.

### **Fifth Affirmative Defense**

Plaintiffs have not met all the requirements to bring a collective action under the FLSA.

### Sixth Affirmative Defense

Plaintiffs' claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminary to his principal activities.

### Seventh Affirmative Defense

Plaintiffs' claims are barred to the extent any uncompensated work done by Plaintiffs is *de minimus*. See, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

### Eighth Affirmative Defense

To the extent the entity Defendant is found not to be liable, the individual Defendant, is also not liable for any violations of the FLSA because any claim against him would only be a derivative of the claim against the entity Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

### Ninth Affirmative Defense

Plaintiff was not eligible for FLSA overtime, or minimum wage, because he was not a covered individual under §207 of the Fair Labor Standards Act of 1938; he was not "engaged in commerce or in the production of goods for commerce," (individual coverage). Specifically, Plaintiff did not regularly and directly participate in the actual movement of persons or things in interstate commerce for the benefit of the corporate Defendant. See, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F. 3d 1292 (11th Cir. 2011); *Martinez v. Jade Palace*, 414 Fed. Appx. 243, 246 (11th Cir. Ala. 2011) (no individual coverage under the FLSA in a claim brought by a cook of a small locally-owned Chinese restaurant); *Apolinario v. Mi Bohio Rest. & Lounge Corp.*, 2016 U.S. Dist. LEXIS 16030, *5-8 (S.D. Fla. Jan. 22, 2016) (no individual coverage under the

FLSA in a claim brought by a cook of a small locally-owned South Florida restaurant); *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010) (citing *Lopez v. Top Chef Invest., Inc.,* No. 07-21598-CIV, 2007 U.S. Dist. LEXIS 88120, 2007 WL 4247646, * 2 (S.D. Fla. Nov. 30, 2007) and *Casseus v. First Eagle, L.L.C.,* No. 07-23228, 2008 U.S. Dist. LEXIS 32249, 2008 WL 1782363, * 5 (S.D. Fla. April 18, 2008)).

### Tenth Affirmative Defense

Plaintiff was not a covered individual under §207 of the Fair Labor Standards Act of 1938, because he was not "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage) as it is defined by 29 U.S.C. §203(r) and (s)(1). See, *Batista v. WM Int'l Grp., LLC*, 2016 U.S. Dist. LEXIS 35365, *7-9 (S.D. Fla. Mar. 18, 2016); *Apolinario v. Mi Bohio Rest. & Lounge Corp.*, 2016 U.S. Dist. LEXIS 16030, *3-4 (S.D. Fla. Jan. 22, 2016); *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010).

### Eleventh Affirmative Defense

Plaintiff is exempt from FLSA coverage under 29 U.S.C. 213(b)(1).

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that the Defendants be awarded costs, and reasonable attorneys' fees as may be allowed under 29 U.S.C. §§201-216, 28 U.S.C. §1927, and under the federal rules of civil procedure.

## **JURY DEMAND**

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted, this 11th day of July 2018.

                                                      LUBELL & ROSEN, LLC
*Attorneys for Defendants*
200 S. Andrews Ave, Suite 900
Ft. Lauderdale, Florida 33301
Phone: (954) 880-9500
Fax: (954) 755-2993
E-mail:   jhs@lubellrosen.com

By: *s/Joshua H. Sheskin*
     Joshua H. Sheskin, Esquire
     Florida Bar No. 93028

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2018, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                   By:   /s Joshua H. Sheskin
                                                        Joshua H. Sheskin, Esquire
                                                        Florida Bar No: 93028

## SERVICE LIST

*Walter Eduardo Perez, v. Sharpe Delivery Service Inc., et al.*
S.D. Fla. Case No. 1:18-cv-22003-UU

| | |
|---|---|
| Rivkah Jaff, Esq. | Adi Amit, Esquire |
| K. David Kelly, Esquire | LUBELL & ROSEN, LLC |
| J.H. Zidell, Esq. | 200 S. Andrews Ave. |
| J.H. ZIDELL, P.A. | Suite 900 |
| 300 71st Street, Suite 605 | Fort Lauderdale, Florida 33301 |
| Miami Beach, Florida 33141 | adi@lubellrosen.com |
| Rivkah.Jaff@gmail.com | *Counsel for Defendants* |
| david.kelly38@rocketmail.com | |
| ZABOGADO@AOL.COM | |