UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:18-cv-22003-UU

WALTER EDUARDO PEREZ, and all others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

BRANDS MART U.S.A., INC.,
RYDER LLC,
SHARPE DELIVERY SERVICE, INC.,
CLAUDE GLEGG

    Defendants.
_____/

## DEFENDANT SHARPE DELIVERY AND CLAUDE GLEGG'S RESPONSE TO PALAINTIFF'S STATEMENT OF CLAIM

Defendants, in response to Plaintiff's Statement of Claim Docket Entry 11, and in accordance with this Court's Requirements in FLSA Cases Docket Entry 8, state as follows;

1. Plaintiff neither worked the number of hours, nor number of days, he claims in his statement of claim. Plaintiff on average worked only three to four days a week, and under forty hours per-week.

2. Plaintiff cannot claim entitlement to compensation for hours not actually worked.

3. Plaintiff did not work the number of hours he alleges in his statement of claim, on average the Plaintiff worked less than full time.

4. Plaintiff was not a covered individual under §207 of the Fair Labor Standards Act of 1938, because he was not "employed in an enterprise engaged in commerce or in the production of goods for commerce," specifically Defendants are not an enterprise as (enterprise coverage) as it is defined by 29 U.S.C. §203(r) and (s)(1). See, *Batista v.*

1

*WM Int'l Grp., LLC*, 2016 U.S. Dist. LEXIS 35365, *7-9 (S.D. Fla. Mar. 18, 2016); *Apolinario v. Mi Bohio Rest. & Lounge Corp.*, 2016 U.S. Dist. LEXIS 16030, *3-4 (S.D. Fla. Jan. 22, 2016); *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010).

5. Plaintiff was not eligible for FLSA overtime, or minimum wage, because he was not a covered individual under §207 of the Fair Labor Standards Act of 1938; he was not "engaged in commerce or in the production of goods for commerce," (individual coverage). Specifically, Plaintiff did not regularly and directly participate in the actual movement of persons or things in interstate commerce for the benefit of the corporate Defendant. See, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F. 3d 1292 (11th Cir. 2011); *Martinez v. Jade Palace*, 414 Fed. Appx. 243, 246 (11th Cir. Ala. 2011) (no individual coverage under the FLSA in a claim brought by a cook of a small locally-owned Chinese restaurant); *Apolinario v. Mi Bohio Rest. & Lounge Corp.*, 2016 U.S. Dist. LEXIS 16030, *5-8 (S.D. Fla. Jan. 22, 2016) (no individual coverage under the FLSA in a claim brought by a cook of a small locally-owned South Florida restaurant)**;** *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010) (citing *Lopez v. Top Chef Invest., Inc.,* No. 07-21598-CIV, 2007 U.S. Dist. LEXIS 88120, 2007 WL 4247646, * 2 (S.D. Fla. Nov. 30, 2007) and *Casseus v. First Eagle, L.L.C.,* No. 07-23228, 2008 U.S. Dist. LEXIS 32249, 2008 WL 1782363, * 5 (S.D. Fla. April 18, 2008)).

6. Plaintiff is exempt from FLSA coverage under 29 U.S.C. 213(b)(1).

7. Plaintiffs' claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminary to his principal activities.

8. Plaintiff fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

Respectfully submitted, this 11th day of July 2018.

>LUBELL & ROSEN, LLC
>*Attorneys for Defendants*
>200 S. Andrews Ave, Suite 900
>Ft. Lauderdale, Florida 33301
>Phone: (954) 880-9500
>Fax: (954) 755-2993
>E-mail:    jhs@lubellrosen.com
>
>By: *s/Joshua H. Sheskin*
>     Joshua H. Sheskin, Esquire
>     Florida Bar No. 93028

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2018, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>By:    /s Joshua H. Sheskin
>     Joshua H. Sheskin, Esquire
>     Florida Bar No: 93028

## SERVICE LIST

*Walter Eduardo Perez, v. Sharpe Delivery Service Inc., et al.*
S.D. Fla. Case No. 1:18-cv-22003-UU

| | |
|---|---|
| Rivkah Jaff, Esq.<br>K. David Kelly, Esquire<br>J.H. Zidell, Esq.<br>J.H. ZIDELL, P.A.<br>300 71st Street, Suite 605<br>Miami Beach, Florida 33141<br>Rivkah.Jaff@gmail.com<br>david.kelly38@rocketmail.com<br>ZABOGADO@AOL.COM<br>*Counsel for Plaintiffs* | Adi Amit, Esquire<br>LUBELL & ROSEN, LLC<br>200 S. Andrews Ave.<br>Suite 900<br>Fort Lauderdale, Florida 33301<br>adi@lubellrosen.com<br>*Counsel for Defendants* |

4